# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| LEONEL PICARD, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )    No. 2:16-cv-00636-JHR |
| | ) |
| NANCY A. BERRYHILL, | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
|       Defendant | ) |

## *MEMORANDUM DECISION*[1]

This Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ (i) ignored material evidence, (ii) failed to find that his impairments met the criteria of sections 12.04, 12.06, and 12.08 of Appendix 1 to 20 C.F.R. Part 404, Subpart P ("the Listings"), (iii) mischaracterized the evidence, (iv) disregarded evidence from "nonacceptable" medical sources, and (v) erroneously relied on the opinions of agency nonexamining consultants. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 12) at 1. I conclude that remand is warranted based on the ALJ's failure to acknowledge and resolve a material evidentiary

---

[1] The plaintiff brought this action under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 18.

1

conflict regarding the plaintiff's ability to handle work stress. Accordingly, I vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff had severe impairments of anxiety, depression with bipolar disorder, and personality disorder, Finding 2, Record at 40; that he had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following nonexertional limitations: he was limited to performing simple, routine, competitive, repetitive, non-abstract tasks on a sustained basis over a normal eight-hour workday and in a stable environment, with no more than simple decision-making, no close interpersonal interactions with supervisors or coworkers, no teamwork, no interaction with the public, and no performance of complex and detailed tasks, Finding 4, *id.* at 42; that, considering his age (50 years old, defined as an individual closely approaching advanced age, on the date his application was filed, April 25, 2013)[2], education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 6-9, *id.* at 47; and that he, therefore, had not been disabled from April 25, 2013, through the date of the decision, June 25, 2015, Finding 10, *id.* at 48. The Appeals Council declined to review the decision, *id.* at 1-4, making the decision the final determination of the

---

[2] The ALJ erroneously stated that the plaintiff was "a younger individual age 18-49, on the date [his] application was filed[.]" Nothing turns on the error.

commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

On August 14, 2013, agency examining consultant Margaret A. Morrison, Ph.D., evaluated the plaintiff, diagnosing him with social phobia, major depression, and avoidant personality disorder and stating, in relevant part:

> The following statement is offered regarding [the plaintiff's] ability to perform employment activities. [He] should be able to follow work rules. He appears to struggle with dealing with relating to others appropriately. He appears capable of using appropriate gross judgment. He does not appear capable of dealing with work stressors. He should be able to function independently. Difficulties with attention, concentration, persistence, pace, and memory [were] not observed. He appears capable of maintaining personal appearance. He may have some difficulties behaving in an emotionally stable manner. He demonstrated adequate social skills during today's evaluation. He is reporting that he has not worked in many years, in part because he was taking care of his dying parents but predominantly because of social anxiety.

Record at 521-22.

Two agency nonexamining psychological consultants, Lewis F. Lester, Ph.D., and Brian Stahl, Ph.D., subsequently reviewed the then-available record, including the Morrison report. *See id*. at 97-103 (initial review by Dr. Lester dated August 30, 2013), 112-19 (reconsideration review by Dr. Stahl dated April 1, 2014). Both made clear that they rejected Dr. Morrison's conclusion that the plaintiff did "not appear capable of dealing with work stressors[,]" explaining:

> Opinion that [the plaintiff] does not appear capable of dealing with work stressors reflects a very severe limitation that is not supported by other evidence. [The plaintiff's] limited capacity for stress was considered in the MRFC [mental RFC].

*Id*. at 103, 119. They described the Morrison opinion, in relevant part, as "an overestimate of the severity of the [plaintiff's] restrictions/limitations and based only on a snapshot of [his] functioning." *Id*.

The ALJ stated, in relevant part:

> Even though [Dr. Morrison] noted that [the plaintiff] might have problems with work stress and relating to others, she concluded that [he] would be able to perform simple work.
>
> ***
>
> The opinion of Dr. Morrison is accorded great weight, in light of her expertise and objectivity. Dr. Morrison's report was considered by the reviewing state agency physician. Dr. Morrison did not state that the [plaintiff] was unable to perform sustained competitive, full-time employment.

*Id*. at 46. The ALJ then went on to accord "great weight," as well, to the opinions of the agency nonexamining consultants on reconsideration (those of Dr. Stahl, with respect to the plaintiff's mental impairments, and Robert Hayes, D.O., with respect to his physical impairments), explaining:

> While the undersigned notes that these opinions are from non-examining and non-treating expert sources, they are not inconsistent with the medical evidence as a whole, and are accorded evidentiary weight in determining the [plaintiff's RFC]

4

> identified above. These doctors agreed that the [plaintiff's] . . . mental impairments cause only mild to moderate limitations in his functioning, such that he is capable of performing simple, uncomplicated tasks, with occasional interaction with supervisors and coworkers, but no public interaction. As their opinion is consistent with the evidence of record, including evidence received at the hearing level, it is accorded great weight.

*Id*. at 47; *see also id*. at 112-21.

The plaintiff argues that the ALJ "mischaracterized parts of Dr. Morrison's report[,]" particularly in stating that Dr. Morrison had "concluded that [the plaintiff] would be able to perform simple work[,]" and failed to resolve the "critical issue" of the plaintiff's ability to deal with work stress. Statement of Errors at 14-15, 19 (quoting Record at 46). At oral argument, his counsel emphasized that the ALJ had erroneously accorded both the Morrison and Stahl opinions great weight, failing to recognize, let alone resolve, the material conflict between them.

The commissioner rejoins that the ALJ did not mischaracterize the Morrison report, asserting that Dr. Morrison's observations that the plaintiff "should be able to follow work rules," was "capable of using appropriate gross judgment," and was "able to function independently" all supported a finding that he was capable of performing simple work. Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 15) at 15 (quoting Record at 521).

She argues, in the alternative, that any error in characterizing the Morrison report or in failing to address the conflict between the Morrison and Stahl opinions is harmless because the ALJ plainly adopted the RFC assessment of Dr. Stahl, who had taken the Morrison report into consideration. *See id*. at 11, 15, 18-19. She reasons that, "[h]ence, any part of Dr. Morrison's report that was not consistent [with] or adopted by the State agency medical consultants, w[as] not ultimately adopted by the ALJ." *Id*. at 11. She adds that the ALJ's adoption of the Stahl assessment satisfied the requirement of *Lancellotta v. Sec'y of Health & Human Servs*., 806 F.2d 284 (1st Cir. 1986), that an adjudicator evaluate the impact of a claimant's mental impairments,

5

including stress, on his or her ability to meet the basic demands of work. *See id.* at 12; *Lancellotta*, 806 F.2d at 285-86. At oral argument, her counsel further observed that, while Dr. Morrison made observations about the plaintiff's work capacity, she did not provide an RFC assessment, as a result of which she offered no specific functional limitations that the ALJ could have incorporated into his RFC finding.

The plaintiff has the better argument.

The ALJ indeed mischaracterized the Morrison opinion as standing for the proposition that the plaintiff was capable of performing simple work. Dr. Morrison expressed no such opinion, *see* Record at 521-22, and Dr. Stahl recognized that her finding that the plaintiff did not appear capable of dealing with work stressors reflected a "very severe limitation[,]" *id.* at 119. As a result, the ALJ overlooked a material conflict in the opinion evidence.

While courts overlook an "arguable deficiency in opinion-writing technique" if not outcome-determinative, *see Bryant ex rel. Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998) (citation and internal punctuation omitted), reversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway, *see, e.g., Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.") (citations omitted). In this case, as in *Boothby v. Berryhill*, No. 2:16-cv-00599-JHR, 2018 WL 1144371 (D. Me. Mar. 2, 2018), the ALJ "erred by failing to analyze, or even acknowledge, opinion evidence that he purported to give [great] weight, leaving me unable to conclude that he reached a supportable result *via* an acceptable analytical pathway." *Boothby*, 2018 WL 1144371, at *3.

The error is not harmless.

As the First Circuit recognized in *Lancellotta*, difficulty handling stress can affect a claimant's ability to perform "[t]he basic mental demands of competitive, remunerative, unskilled work[,]" which "include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." *Lancellotta*, 806 F.2d at 286 (citation and internal quotation marks omitted). "A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base[,]" which, "in turn, would justify a finding of disability because even favorable age, education, or work experience will not offset such a severely limited occupational base." *Id.* (citation and internal quotation marks omitted).

While it is true, as a general proposition, that an ALJ may rely on the opinion of an agency nonexamining consultant to meet the requirements of *Lancellotta*, *see, e.g., Poulin v. Colvin*, No. 1:14-cv-30-JHR, 2015 WL 237326, at *3 (D. Me. Jan. 18, 2015), that is not the case here. Dr. Stahl rejected that portion of the Morrison opinion indicating that the plaintiff did not appear capable of dealing with work stressors, yet the ALJ gave both the Stahl and Morrison opinions great weight without explaining how, if at all, he resolved the underlying conflict. That the Morrison opinion was not couched as an RFC assessment does not help the commissioner. Dr. Stahl, who did offer an RFC assessment, made clear that he considered her opinion more restrictive than his. *See* Record at 118-19. Accordingly, had he agreed with her opinion *in toto*, his RFC assessment presumably would have included additional limitations reflecting the plaintiff's apparent inability to deal with work stressors.

Because the ALJ failed in his duty to resolve a material conflict in the evidence, and the court is ill-equipped to resolve such conflicts in the first instance, remand is required. *See, e.g., Soto v. Sec'y of Health & Human Servs.,* 795 F.2d 219, 222 (1st Cir.1986) ("We are ill-equipped to sort out a record that admits of conflicting interpretations. Accordingly, we believe the case must be remanded . . . . The [commissioner] may take additional evidence on remand, and is not obliged to accept the results of claimant's IQ tests if there is a substantial basis for believing that claimant was feigning the results. If the [commissioner] does reject the test results on this basis, however, [she] should state [her] reasons for doing so.") (footnote omitted); *Rodriguez,* 647 F.2d at 222 ("The [commissioner] may (and, under [her] regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [her], not for the doctors or for the courts.").

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **VACATED**, and the case is **REMANDED** for proceedings consistent herewith.

Dated this 16th day of March, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge